**Navajo Nation, Plaintiff,**
**v.**
**Peter MacDonald Sr., Defendant.**
**Decided September 6, 1990**

## OPINION

Before TSO, Chief Justice, AUSTIN and CADMAN (sitting by designation), Associate Justices.

Richard W. Hughes, Esq., Special Prosecutor for the Navajo Nation, Santa Fe, New Mexico, for the Plaintiff; and Peter Breen, Esq., Navajo Legal Aid and Defender Service, Window Rock, Navajo Nation (Arizona), for the Defendant.

Opinion delivered by TSO, Chief Justice.

This is an original proceeding in this Court on a request for acceptance of a certified question from the Window Rock District Court. The issue is whether this Court should accept the question certified by the trial judge.

## I. Facts

On August 22, 1990, defendant Peter MacDonald Sr. filed a motion with the Window Rock District Court requesting that Judge Robert Yazzie disqualify himself from any proceeding involving the defendant in *Navajo Nation v. MacDonald*, No. WR-CR-3682-3740-89 and No. WR-CR-3617-3641-89. As summarized, defendant's ground for the motion is that Judge Yazzie is personally biased against him because he attempted to "fire" the judge in the past.

On August 23, 1990, Judge Yazzie entered an order certifying the following question to this Court: "Is a judge required to disqualify himself for the reasons and under the circumstances set forth in the motions attached to and made a part of this order." Facts relevant to this question were not stated in the order.

On August 31, 1990, defendant filed with this Court a "motion in opposition to acceptance of jurisdiction" over the certified question. Defendant requests that this Court decline jurisdiction over the certified question. On September 6, 1990, plaintiff filed a response to defendant's motion essentially arguing that this Court should accept and decide the question certified by Judge Yazzie.

## II. Discussion

A question can be certified to this Court by a trial court as a special proceeding authorized by decisions of this Court. See *Navajo Housing Authority v. Betsoi*, 5 Nav. R. 5 (1984); *In re Certified Questions I*, 6 Nav. R. 97 (1989); *In re Certified Questions II*, 6 Nav. R. 105 (1989). In *Betsoi*, the Court permitted trial courts to certify questions to this Court as a special proceeding authorized by Rule 16 of the Navajo Rules of Appellate Procedure. In civil actions, the Navajo Rules of Appellate Procedure has been superseded by the Navajo Rules of Civil Appellate Procedure. In spite of this, trial courts can continue to certify questions to this Court as a special proceeding authorized by decisions of this Court.

Whether to accept a certified question is a matter within the discretion of this Court. Certifying questions, however, should not be a method used by trial courts to avoid deciding issues properly before them. To prevent the remedy of certification of question from becoming meaningless, this Court will examine each question certified against the language in *Betsoi* to determine whether the question should be accepted.

The initial inquiry on every question certified to this Court is whether the question is one that is proper for this Court to address. For this Court to make that determination, the question certified must be "carefully and precisely framed to present distinctly and clearly the question or proposition of law involved. The certificate should contain the proper statement of the ultimate facts upon which the question arises and should clearly show in what respect the instruction of decision of the appellate court is desired." *Betsoi*, 5 Nav. R. at 7

The question certified in this case is not in compliance with the procedural requirements of *Betsoi*. First, the question certified is not carefully and precisely framed. The question concerns disqualification of the judge, but it further incorporates two motions and an affidavit filed by the defendant's counsels requesting disqualification as part of the certified question. The many pages comprising the motions and affidavit contain numerous factual allegations in support of the motions. The certified question therefore is broad and imprecise. Second, the order certifying the question does not contain facts upon which the question arises. Third, the question of whether a judge should disqualify himself on allegations of bias, we believe, is a proper issue for that trial judge to decide. At least under the circumstances of this case, it is not a proper question for certification.

For the reasons set forth in this opinion, this Court will not accept the question certified.